UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

C.S., individually and on behalf of H.S., a child
with a disability,

                Plaintiff,

   -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10 8 2021
```

19 Civ. 11419 (CM)

## ORDER DENYING MOTION FOR
## ADDITIONAL ATTORNEYS' FEES

McMahon, J.:

     In this Individuals with Disabilities in Education Act (IDEA) case, brought pursuant to 20 U.S.C. § 1400 et seq., the plaintiffs sought a fee award as a result of representation in an administrative hearing and a subsequent federal proceeding that was resolved. On April 15, 2020 – at the beginning of the pandemic – the case was settled by stipulation and order. (Docket #12) The settlement called for the payment of $12,600 in attorneys' fees. The court closed the case.

     The check did not arrive. Nor was the City attentive to requests, made in the form of emails sent last December, for payment.

     Finally, on January 4, 2021, Plaintiff moved in this court to reopen the case for the purpose of entering judgment. (Docket # 13). That motion got the City's attention, and the judgment was finally paid on January 20, 2021.

     After concluding that the matter was not moot, the court granted the motion of April 8, 2021 (Docket #27), and on April 9, 2021 the Clerk entered judgment for the interest that had accrued starting ninety days after July 30, 2020 – the day plaintiffs' counsel tendered a release to the City -- and January 20, 2021, see N.Y,.C.P.L.R 5003-a (the so-called "prompt payment provision" applicable to the payment of settlements under New York (not federal) law). The amount of interest so awarded totaled $540.59. No appeal was taken from that decision.[1]

---

[1]   I am sorry that the City chose not to appeal, because I was and remain genuinely uncertain that I had jurisdiction to entertain the motion in the first place.

Now plaintiffs move for an award of $8,540 in attorneys' fees for work counsel performed in connection with the motion to reopen the case. The City opposes the motion, arguing, *inter alia*, that the motion for entry of judgment was brought pursuant to state law, not pursuant to the IDEA, so that statute's fee shifting provision does not apply to this application. The City also argues that the fee request is unreasonable, principally because it is entirely out of proportion to the amount of money that the plaintiffs recovered – or could have recovered – as a result of the motion.

The motion for a fee award is denied.

The fee shifting provision of the IDEA provides that, "In any action or proceeding brought *under this section*, the court, *in its discretion, may award reasonable attorneys' fees* as part of the costs – to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(b)(i)(1) (Emphasis added). As the italicized language in the statute makes clear, a fee award is available only in "an action or proceeding" that is "brought" under the IDEA. The original complaint in this case was "brought" pursuant to the IDEA, specifically its fee shifting provision – it was a suit for attorneys' fees. By contrast, while the motion to reopen this case was filed in this action, it was not "brought" under the IDEA, because the IDEA does not contain a judgment-enforcing mechanism. Indeed, when it was filed, the motion to reopen was essentially a motion to enforce the settlement – which, per the United States Supreme Court, is an application brought under state, not federal, law. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). And when asked by the court whether payment of the settlement (belated though it was) had not rendered the motion to reopen moot, counsel quite specifically indicated that his application was "brought" pursuant to CPLE 5001-c, and that his client was seeking the relief provided by that statute. (Docket #22)

It does not seem, therefore, that Plaintiff is entitled to fees pursuant to the IDEA's fee shifting provision for work done one the Plaintiffs' motion to reopen the case. For that reason alone, the motion must be denied.

Assuming *arguendo* that this analysis is incorrect, I also deny the motion on the merits.

A fee award under the IDEA is never mandatory, and fees are limited by statute to those that are reasonable. This fee request is not reasonable.

It is indeed unfortunate that Plaintiffs were unable to get the attention of the Corporation Counsel without coming to the court for assistance. And while I sympathize with the difficulties that all law offices experienced as a result of the pandemic, by last October – six months into the pandemic -- when the "prompt payment" provision kicked in for this particular settlement, the City should have figured out how to cover its civil cases and respond to inquiries from opposing counsel. I

But Plaintiff could be (and eventually was) fully compensated for the lateness of the City's eventual payment by the award of the sum of $540.59, representing interest at 9% from the date when the prompt-payment statute was violated. That being so, the tactic that Plaintiffs chose to obtain payment of their settlement was unreasonable. Approximately 20 hours of attorney and

paralegal time were expended on a motion to recover fees in an amount that was (i) 16 times the amount of interest that Plaintiffs could have expected to recover under the "prompt payment" provision of the Civil Practice Law and Rules, and (ii) two thirds of the original fee award, which compensated for work done in connection with an administrative proceeding.  In short, the amount expended to make the motion to reopen the case was entirely out of proportion to any recompense that Plaintiff could possibly have obtained by virtue of the late payment.

There were far less expensive ways Plaintiff could have employed to obtain the court's assistance in getting paid – such as writing a letter. If that did not work, then a motion might have been called for. But the docket does not reflect that any less expensive means were tried.

For these reasons, the motion for a fee award in the amount of $8,540 is denied. The clerk is directed to remove the motion at Docket # 29 from the court's list of open motions, and to close the case once again.

This constitutes a written opinion.

Dated: October 8, 2021

_____
U.S.D.J.

BY ECF TO ALL COUNSEL